IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


ROBERT M. SINGLETARY,

       Petitioner,

vs.                                    No. CIV-10-185 JH/ACT

LUPE MARSHALL, Warden,
and GARY K. KING,
Attorney General for the
State of New Mexico,

       Respondents.


**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION** [1]

    1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed February 26, 2010. [Doc. 1.] This matter was referred to the undersigned United States Magistrate Judge by District Judge LeRoy Hansen on March 10, 2010, to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) [Doc.5].

    2.  Petitioner Robert M. Singletary ("Mr. Singletary") is currently confined at Western

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

New Mexico Correctional Facility in Grants, New Mexico. [Doc. 1 and Doc. 8.] Mr. Singletary, proceeding without counsel, challenges the sentence of the Second Judicial District Court in State v. Singletary, No.CR 08-02590 (County of Bernalillo, New Mexico).

3. Mr. Singletary raises one claim as grounds for relief. He states that he was denied due process of law by the state district court when the "court imposed a two (2) year term of parole." He asserts that this parole term is "beyond the lower courts sentencing jurisdiction. 31-21-10c (sic) provides a one (1) year term of parole. And (sic) a sentencing court cannot sever a parole term from the basic sentence" [Doc. 1 at p. 5.] He argues that the Judgment and Sentence improperly imposed a two year parole term because the last two crimes listed on his Judgment and Sentence, and Amended Judgments, provide for only a one year parole term. [*Id*.; and Doc. 8-1, Exs. A-D]

4. Respondent filed an Answer [Doc. 8] requesting that the Petition be denied and dismissed with prejudice on the grounds that Mr. Singletary has not alleged or established that the state court proceedings resulted in a decision which was contrary to, or involved an unreasonable application of, federal law. [*Id.* at p.6.]

Factual and Procedural Background

5. Mr. Singletary was convicted of various crimes and received a judgement and sentence on these crimes. [Doc.8-1, Exs. A-C]. The Judgment and Sentence, as well as the Amended Judgments, were filed in the Second Judicial District Court, Bernalillo County, Cause Nos. CR-2006-5349, CR-2007-4244; CR-2007-4629; CR-2007-4755, and CR-2008-2590 on March 24, 2009 [Doc. 8-1, Ex. A], June 25, 2009 [Doc. 8-1, Ex. B], and March 15, 2010 [Doc. 8-1, Ex. C]. The fact that there are amended judgments reflect changes only in the award of pre-sentence confinement credit. Mr. Singletary's sentence included a two year parole term after

release. [Doc. 8-1, Ex. A and B.] Mr. Singletary alleges that the two year parole was imposed despite the fact that the last two charges impose a parole term of only one year. [Doc.1 at p.5.]

      6. Mr. Singletary filed a Writ of Habeas Corpus with the state district court on August 5, 2009, arguing that the judge illegally imposed a two year term of parole. [Doc. E.]

      7. On August 14, 2009, the state district court denied Mr. Singletary's motion stating that "[a] two-year period of parole is appropriate pursuant to *State v. Utley*, 2008 NMCA 080, 144 N.M. 275, 278 (Ct.App.2008). The order of the crimes listed in the Judgment & Sentence is insignificant." (Italics added.) [Doc. F.] In *State v. Utley* the New Mexico Court of Appeals held that where a state district court did not direct the order in which a defendant was to serve consecutive sentences, and listed the most serious crime first, and stated that the order was "insignificant," the district court has the discretion to sentence the defendant to a two year term of parole. *State v. Utley*, 2008 NMCA 080, ¶ 10.

      8. Mr. Singletary thereafter filed a Petition for Writ of Habeas Corpus with the Supreme Court of New Mexico on October 22, 2009 [Doc. G], which was summarily denied on November 19, 2009. [Doc. H].[2]

      9. On November 10, 2009, Mr. Singletary entered into a Plea and Disposition Agreement. [Doc.8-1, Ex. D.] He admitted that he was convicted of the series of crimes as indicated in his Judgment [Doc.8-1, Ex. A.] and Amended Judgment [Doc.8-1, Ex. B.] and that the conviction for these crimes was valid and free from error. [Doc.8-1, Ex. D at p.17.] Mr. Singletary also agreed to plead no contest to several of the crimes. [*Id.*]

      10. On March 15, 2010, the state district court entered a Second Amended Judgment,

---

      [2]The summary dismissal was presumably based on the fact that Mr. Singletary's Writ of Habeas to the New Mexico Supreme Court was untimely. *See* NMRA, Rule 5-802 (H)(2).

Partially Suspended Sentence and Commitment which again listed of all Mr. Singletary's crimes to which he plead or was convicted of and again listed last, the two crimes which each provide for a maximum of one year parole. [Doc.8-1, Ex. C.]

11.   Mr. Singletary filed his Petition under 28 U.S.C. § 2254 with this Court on February 26, 2010.

## Analysis

12.   Mr. Singletary's sole claim is that the state court violated state law when it sentenced him to two years parole instead of one year parole. [Doc. 1 at p. 5.] The term of parole is set forth in NMSA 1978, § 31-21-10(D)(2009).  For any first, second or third degree felony, the parole term is two years.  Mr Singletary was convicted of both second and third degree felonies. He was also convicted of fourth degree felonies which impose a parole term of one year.  In his Judgement and Sentence, and Amended Judgments, the fourth degree felonies were listed last.

13.   In his Writ of Habeas Corpus to the state court judge [Doc. E], Mr. Singletary challenged only the term of his parole.  The state district court held that the two year period of parole was appropriate pursuant to the New Mexico Court of Appeals opinion in *State v. Utley*, 2008-NMCA-080.

14.   Mr. Singletary did not allege that the state court proceedings "were contrary to, or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in state court proceedings."  28 U.S.C.  § 2254(d).

15.   State law violations are not cognizable in a federal habeas action. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a);  *Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).  As the Supreme Court stated in *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991),  "[i]t is not

the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted).

## Recommended Disposition

16.  The Court recommends that Mr. Singletary's § 2254 petition be denied because it involves a matter of state law.  The Court recommends this matter, in its entirety, be dismissed with prejudice.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE